IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PLASIN S.A. de C.V., et. al.,

        Plaintiff,

vs.

        Case No. 3:00cv58

B.W. WRIGHT, INC., et. al.,

        JUDGE WALTER HERBERT RICE

        Defendants.

DECISION AND ENTRY CONDITIONALLY SUSTAINING PLAINTIFFS'
MOTION TO REVIVE JUDGMENT (DOC. #55)

On September 9, 2002, the Court entered Judgment in favor of Plaintiffs Plasin S.A. de C.V., and Plasin USA, Inc., (collectively "Plaintiffs" or "Plasin"), and against Defendants B.W. Wright Inc., and its former executive and president, Jaydee Blair ("Blair"). On September 12, 2002, the Court amended that entry to correct a typographical error so as to reflect that the amount of the judgment was $42,500.00, rather than $42,000.00. See Docs. ##47 and 49, respectively. On October 19, 2009, maintaining that the original judgment remains unpaid, Plasin filed a Motion to Revive Judgment (Doc. #55). In its memorandum in support thereof, Plaintiffs assert that the judgment has become dormant, and request that

the Court revive the aforesaid judgment, in accordance with Ohio law. For the reasons that follow, Plaintiffs' Motion to Revive Judgment (Doc. #55) is sustained.

The appropriate procedure for execution of a judgment in a federal court is dictated by the laws of the state in which it sits. Rule 69(a) of the Federal Rules of Civil Procedure provides:

> (a) Process to enforce a judgment for the payment of money shall be a writ of execution unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Accordingly, as one court has explained, "it is well settled that [state] law controls the procedure on the execution of a judgment rendered in a district court located in [that state]." United States v. Fiorella, 869 F.2d 1425 (11th Cir. 1989). Stated somewhat differently, "in the absence of a controlling federal statute the district court has the same authority to aid judgment creditors as that provided by local law to courts of the state in which the district court sits." Rogers v. Webster, 1985 U.S. App. LEXIS 13968 at *3–4 (6th Cir. 1985) (per curiam).

It follows that both the initial determination that a judgement has become dormant, and the subsequent determination of the procedure by which it may be revived, are dictated by Ohio law. Donellan Jerome, Inc. v. Trylon Metals, Inc., 270 F. Supp. 996, 998 (S.D. Ohio 1967) ("Unless a federal statute provides otherwise, the practice relative to the revival of dormant judgments is to be

governed by state law."). As a means of analysis, the Court initially discusses the time periods that are relevant to the determination that a judgment has become dormant under Ohio law, before turning to the particular procedural requirements for its revival thereunder.

The Ohio Court of Appeals for the First Appellate District has recently summarized the temporal determinants by which a judgment becomes dormant, and when it may be revived under the Ohio Revised Code:

> Generally, a judgment becomes dormant five years after the entry of the judgment, the last execution on the judgment, or the filing of a judgment-lien certificate. See R.C. 2329.07. There is a ten-year period to revive the judgment after it has become dormant. See R.C. 2325.18(A).

Forg v. Gammarino, 2006 Ohio App. LEXIS 6934 at *3-4 (1st App. Dist. 2006).

Section 2329.07(A)(1) of the Ohio Revised Code provides:

> If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

Section 2325.18(A) of the Ohio Revised Code provides:

> An action to revive a judgment can only be brought within ten years from the time it became dormant, unless the party entitled to bring that action, at the time the judgment became dormant, was within the age of minority, of unsound mind, or imprisoned, in which cases the action may be brought within ten years after the disability is removed.

Applying those legal principles to the present litigation, this Court initially concludes that the amended judgment became dormant on September 12, 2007, five years after it was entered on that date in 2002.[1] The Court also concludes that the revival of that judgment is not presently time-barred, because fewer than ten years have elapsed since it became dormant. Id.

The procedure for the revival of a dormant judgment is set forth in § 2325.17 of the Ohio Revised Code, which provides:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the same amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgment or findings rendered in any other action.

All of Ohio's courts of appeal that have considered the issue have determined that a hearing should be conducted before the judgment is revived, so that the judgment debtor may have an opportunity to raise arguments against the revival. See, e.g., State v. Jackson, 2000 Ohio App. LEXIS 5112 at *2 (8th App. Dist. 2000). The leading case, cited in almost every subsequent appellate decision addressing the issue, is Leroy Jenkins Evangelistic Association, Inc. v. Equities Diversified, Inc., wherein the court stated:

> Clearly, R.C. 2325.17 requires the judgment debtor be granted an opportunity to show cause why the judgment should not be revived, which

---

[1] This date reflects five years from the date of the entry of the amended judgment, as Plaintiffs do not indicate that any of the other measuring points mentioned in § 2329.07(A)(1) are applicable.

-4-

could only be done at a hearing before the court . . . . Although an action to revive a judgment and a show cause hearing may be summary in nature, such an opportunity must be granted to meet the fundamental requirements of due process.

64 Ohio App. 3d 82, 88; 580 N.E.2d 812, 816 (10th App. Dist. 1996). See also State v. Magruder, 2008 Ohio App. LEXIS 1827 at *19 (11th App. Dist.) (citing Equities Diversified); Jackson, 2000 Ohio App. LEXIS 5112 at *2 ( citing Equities Diversified). Thus, although the text of the Revised Code does not explicitly require a hearing, the court in Equities Diversified held that one was "clearly" required because § 2325.17 provides for revival *"if sufficient cause is not shown to the contrary,"* thereby implying that the judgment debtor must have an opportunity to show cause.

Although this Court has conducted a non-oral hearing,[2] the above discussed Ohio appellate court authority indicates that the judgment debtor must be afforded

---

[2] In Breeding v. Herberger, 81 Ohio App.3d 419, 423, 611 N.E.2d 374, 376 (1992), the court noted that a non-oral hearing is one of the three types of hearing recognized under Ohio law, the other two being an evidentiary hearing and an oral hearing. With a non-oral hearing, a court resolves an issue on the parties' papers, without hearing evidence or oral argument. Id. Herein, Blair has submitted a one-paragraph document with the Court, captioned "Objection to Motion to Revive Judgment and Request for Dismissal." See Doc. #62. Therein, Blair states that B. W. Wright has been out of business since 2003, and that granting Plaintiffs' motion "would create undue hardship and unnecessary costs for defendant for a business that no longer exists." Id. Blair states in conclusory fashion that "Ohio and Federal Law [do] not permit this request." Id. That statement is not correct, given that the revival of a judgment is expressly provided for by Ohio law. Although Plaintiffs filed a Reply to Blair's "Objection" (Doc. #63), Blair made no subsequent filings. Blair's document does not show cause why this Court should not revive the amended judgment.

an opportunity to appear in court to show cause why the judgment should not be revived. Those decisions have also indicated, however, that it is proper procedure to enter a conditional order of revivor, before conducting the requisite show cause hearing. Accordingly, the Court conditionally sustains Plaintiffs' Motion to Revive Judgment (Doc. #55). The Court has scheduled a hearing, <u>by way of a telephone conference call on the record</u>, on Friday, October 8, 2010, at 5:00 p.m., during which Blair or counsel for him and/or B. W. Wright may show cause why the amended judgment should not be revived.

September 27, 2010

*(signature)*

WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
Jaydee Blair.